**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AUGUSTUS SIMMONS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 18-201 Erie** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **OVERMYER, et al.,** | ) | **Magistrate Judge Richard A. Lanzillo** |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

## I.    Introduction

Presently pending is Plaintiff August Simmons' ("Plaintiff") Motion for a Temporary Restraining Order ("TRO") or for Preliminary Injunction.[1]    ECF No. 14.  In his motion, Plaintiff, an inmate incarcerated at the State Correctional Institution at Forest ("SCI-Forest"), complains that: (1) unnamed prison officials at SCI-Forest have denied numerous requests by Plaintiff to use the law library; (2) the same unnamed staff members have prevented Plaintiff from accessing religious books or documents; (3) Defendant Ellenberger has subjected Plaintiff to "excessive and extreme strip searches"; (4) Defendant Lee deprived him of his asthma inhaler for nine days and sprayed him with "O.C. spray"; and (5) Lee demoted him from Phase 3 to Phase 4 without notice or a hearing.  Id. at 2-4.

## II.    Standards

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636.  See ECF Nos. 6, 18.

Temporary restraining orders and preliminary injunctions are governed under the same standard. The party seeking preliminary injunctive relief has the burden of demonstrating: (1) a reasonable probability of success on the merits; (2) irreparable harm if the injunction is denied; (3) that the issuance of an injunction will not result in greater harm to the non-moving party; and (4) that the public interest would best be served by granting the injunction. <u>Council of Alternative Political Parties v. Hooks,</u> 121 F.3d 876, 879 (3d Cir. 1997); <u>Opticians Ass'n of America v. Independent Opticians of America</u>, 920 F.2d 187, 191-92 (3d Cir. 1990). The Court should issue the injunction only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief. <u>Opticians</u>, 920 F.2d at 192 (citing <u>ECRI v. McGraw-Hill, Inc</u>., 809 F.2d 223, 226 (3d Cir. 1987)).

The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully litigated and determined by strictly legal proofs and according to the principles of equity. <u>Wetzel v. Edwards</u>, 635 F.2d 283, 286 (4th Cir. 1980). Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." <u>American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc</u>., 42 F.3d 1421 (3d Cir. 1994) (quoting <u>Frank's GMC Truck Center, Inc. v. General Motor Corp</u>., 847 F.2d 100, 102 (3d Cir. 1988)). The facts clearly must support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied. <u>United States v. Stazola</u>, 893 F.2d 34, 37 n. 3 (3d Cir. 1990). The plaintiff bears the burden of establishing a "clear showing of irreparable injury." <u>Hohe v. Casey</u>, 868 F.2d 69, 72 (3d Cir. 1989); <u>ECRI</u>, 809 F.2d at 226 (it is not enough to merely show irreparable harm: the plaintiff has the burden of showing immediate irreparable injury, which is more than merely serious or substantial harm and

which cannot be redressed with money damages).  Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief.  Acierno, 40 F.3d at 655.

Moreover, in the prison context, a request for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'"  Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)).  Preliminary injunctive relief is "not a tool for prisoners to use to regulate 'in every way, every day, the terms and conditions of plaintiff's confinement simply because they are "in court" . . .'".  Stiel v. Fed. Bureau of Prisons, 2017 WL 2656646, at *4 (D.N.J. June 19, 2017) (quoting Muhammad v. Director of Corrections, 2009 WL 161075, at *1 (E.D. Ca. Jan. 22, 2009)).  Thus, where a plaintiff requests an injunction that would require the Court to interfere with the administration of a prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief."  Rizzo v. Goode, 423 U.S. 362, 379 (1976).  The federal courts are not overseers of the day-to-day management of prisons.  Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking."  Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security.  Beard v. Banks, 126 S. Ct. 2572, 2578 (2006); Bell v. Wolfish, 441 U.S. 520, 527 (1979).

Finally, because the purpose of preliminary injunctive relief is to prevent irreparable injury pending the resolution of the underlying claims on their merits, "the injury claimed in the

motion for preliminary injunctive relief must relate to the conduct alleged and permanent relief sought in the plaintiff's complaint." <u>James v. Varano</u>, 2017 WL 895569, at *3 (M.D. Pa. Mar. 7, 2017). In other words, "there must be a connection between the underlying complaint and the relief requested in the motion for a preliminary injunction." <u>Id</u>. (citing <u>Ball v. Famiglio</u>, 396 Fed. Appx. 836, 837 (3d Cir. 2010)). A district court "should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." <u>Kaimowitz v. Orlando, Fla</u>., 122 F.3d 41, 43 (11th Cir. 1997) (citing <u>De Beers Consol. Mines v. United States</u>, 325 U.S. 212, 220 (1945)).

### III.    Analysis

As noted above, Plaintiff bases his request for injunctive relief on a handful of incidents that, according to him, "threaten his health, life and liberty" and subject him to the risk of irreparable harm. ECF No. 14 at 4. Before addressing the merits of his allegations, the Court observes that Plaintiff has not filed a proper Complaint in this action. The document submitted to the Court as the operative pleading (ECF No. 1) describes each of the Defendants and states that Plaintiff has exhausted his administrative remedies. However, that document contains no factual averments. Instead, Plaintiff directs the Court to a proposed pleading that he filed in another action and attempts to incorporate that document by reference. Thus, his entire factual recitation consists of the following:

> Plaintiff August Simmons is currently housed in the STGMU at SCI Forest while on restricted release list. Plaintiff now supplants his historical fact by respectfully adopting his Amended Complaint that was dismissed for joiner in 17-224 August Simmons v. Wetzel (See Docket 50 Motion to Amend/Correct Complaint.)

ECF No. 1 at 5.  Plaintiff similarly incorporates the corresponding sections of the rejected

amendment in No. 1:17-cv-224 with respect to his "Legal Claims" and "Prayer for Relief."  Id. at

5-6.

It is axiomatic that a complaint should "stand[] by itself as an adequate complaint without

reference to [a] complaint already filed."  Williams v. Ferdarko, 2018 WL 3653272, at *1 n. 1

(W.D. Pa. Aug. 1, 2018) (quoting Young v. Keohane, 809 F.Supp. 1185, 1189 (M.D. Pa. 1992)).

For this reason, "incorporating attachments from a prior complaint [or] case is an unacceptable

method of pleading."  K.A. ex rel. J.A. v. Abington Heights Sch. Dist., 28 F.Supp.3d 356, 380

(M.D. Pa. 2014).  Accordingly, Plaintiff is instructed to file an Amended Complaint within 30

days of this Order setting forth his claims in a manner that complies with the Federal Rules of

Civil Procedure without reference to any other pleading or action.

Having disposed of this procedural matter, the Court takes judicial notice of the claims

raised in 1:17-cv-224, ECF No. 50, for purposes of resolving the pending motion for injunctive

relief.  Based on the allegations in that document and the claims asserted in the instant motion,

the Court concludes that injunctive relief is unwarranted for several reasons.  First, and most

critically, Plaintiff's request for injunctive relief does not relate to the majority of his underlying

claims in this matter.  In the proposed Complaint, Plaintiff contends that Defendants: (1) violated

his Eighth Amendment and Fourteenth Amendment rights by subjecting him to lengthy periods

of time in solitary confinement; (2) retaliated against him based on his religious beliefs and his

filing of several grievances by acting aggressively, transferring him into "STGMU," and

engaging in various forms of harassment (such as searching his cell and tampering with his

property); (3) denied him access to religious documents and materials; and (4) denied him due

process by placing him on the prison's restricted list without notice or a hearing. Of these claims, the only one with any connection to Plaintiff's request for injunctive relief is his allegation that he was improperly denied access to religious materials. As noted above, "the injury claimed in the motion for preliminary injunctive relief must relate to the conduct alleged and permanent relief sought in the plaintiff's complaint." <u>James</u>, 2017 WL 895569, at *3. Where the injury alleged "is not of the same character, and deals with a matter lying wholly outside the issues in the suit," injunctive relief is inappropriate. <u>Kaimowitz</u>, 122 F.3d at 43 (citing <u>De Beers</u>, 325 U.S. at 220). Such is the case here with respect to the majority of Plaintiff's allegations.

Additionally, few of Plaintiff's claims for injunctive relief allege the existence of an irreparable injury that cannot be remedied through monetary damages. Irreparable injury can only be established where the plaintiff demonstrates that he will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." <u>Instant Air Freight Co. v. C.F. Air Freight, Inc.</u>, 882 F.2d 797, 801 (3d Cir. 1989) ("The preliminary injunction must be the only way of protecting the plaintiff from harm."). The word "irreparable" connotes "that which cannot be repaired, retrieved, put down again, atoned for . . .". <u>Acierno v. New Castle County</u>, 40 F.3d 645, 653 (3d Cir. 1994) (citations omitted). Injuries related to property access, such as Plaintiff's claim that he was denied religious books and documents, are typically compensable by monetary damages following a trial. <u>See</u>, <u>e.g.</u>, <u>Boyd v. Larson</u>, 2017 WL 1904278, at *6 (M.D. Pa. April 21, 2017) ("[M]onetary damages generally provide an adequate remedy at law for the loss of such personal property items."). Because "[t]he availability of adequate monetary damages belies a claim of irreparable injury," <u>Frank's GMC Truck Ctr., Inc. v. Gen. Motors</u>

6

Corp., 847 F.2d 100, 102 (3d Cir. 1988), Plaintiff is not entitled to injunctive relief on his claim that he was improperly denied access to religious books and documents.

Injunctive relief is also appropriate only where the threat of harm is *immediate* and present. Raupp v. Federal Bureau of Prisons, 2006 WL 3332089, at *1 (W.D. Pa. Nov. 16, 2006) (citing ECFI, 809 F.2d at 226) (emphasis in original). "A preliminary injunction cannot be issued based on past harm." Boyd, 2017 WL 1904278, at *3 (quoting Fischer v. Goord, 981 F.Supp. 140, 168 (W.D.N.Y. 1997)). Nor may a preliminary injunction "be used simply to eliminate the possibility of a remote future injury." Holiday Inns of Am., Inc. v. B&B Corp., 409 F.2d 614, 618 (3d Cir. 1969). Plaintiff's most serious accusations – that he was deprived of his asthma inhaler and forced to undergo "excessive and extreme" strip searches – each concern activities that occurred in the past and are not alleged to be ongoing.[2] ECF No. 14 at 2-3. Such allegations do not represent the type of "presently existing actual threat" required before injunctive relief may issue. Continental Grp., Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980) (citations omitted).

Finally, Plaintiff cannot establish that he is likely to succeed on the merits of the majority of his claims. Because "the federal courts are not over-seers of the day-to-day operations of prisons," injunctive relief concerning housing status is rarely appropriate. Baxter v. Wexford Healthcare, 2017 WL 8941216, at *4 (W.D. Pa. Feb. 22, 2017) ([T]his Court is loath to interfere with the daily management decisions of prison administrators regarding housing status . . .") (citing Beard, 548 U.S. at 521). Prison officials may also place "reasonable restrictions on the inmates' use of prison law libraries, provided those restrictions do not interfere with the inmates'

---

[2] To reiterate, these claims also do not relate to any of the allegations in the underlying Complaint.

access to the courts." <u>Biggins v. Delaware</u>, 2018 WL 1885666, at *2 (D. Del. Apr. 19, 2018) (denying a TRO request based on insufficient law library time) (citing <u>Nevarez v. Hunt</u>, 770 F. Supp. 2d 565, 567 (W.D.N.Y. 2011)). Similarly, "[w]hen a prisoner moves through restricted areas of a correctional facility, it is not unreasonable for staff to check for contraband via visual body cavity searches upon the prisoner's return." <u>Jones v. Luzerne County Corr. Facility</u>, 2010 WL 3338835, at *8 (M.D. Pa. Aug. 23, 2010) (citing <u>Millhouse v. Arbasak</u>, 373 Fed. Appx. 135 (3d Cir. 2010)). Indeed, the Supreme Court has held that a prison's policy of strip and visual body cavity searches, requiring inmates to stand naked, lift their genitals and bend over and spread their buttocks for visual inspection, did not violate an inmate's Fourth Amendment rights. <u>Bell v. Wolfish</u>, 441 U.S. 520, 558–59 (1979); <u>Brown v. Blaine</u>, 185 Fed. Appx. 166, 169–70 (3d Cir. 2006) (finding no constitutional violation where inmate was required to lift his penis and testicles, spread his buttocks and then place his hands on his head and sweep his mouth with his fingers). At this early stage in the proceedings, Plaintiff has failed to allege facts establishing that he is likely to prevail on the merits of any of these claims.

In short, the majority of Plaintiff's allegations in the instant motion are wholly disconnected from the assertions in his proposed Complaint and/or fail to establish a likelihood of success on the merits. The alleged misconduct is also not so "peculiar in nature" that "compensation in money cannot atone for it," <u>ECRI</u>, 809 F.2d at 226. Plaintiff's motion, accordingly, will be denied.

### IV. Summary

For the reasons set forth above, Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction (ECF No. 14) is DENIED.  Plaintiff is instructed to file an Amended Complaint within 30 days of this Order setting forth his claims in a manner that complies with the Federal Rules of Civil Procedure without reference to any other pleading or action.

IT IS SO ORDERED.


/s/ Richard A. Lanzillo_____
RICHARD A. LANZILLO
United States Magistrate Judge

Dated: November 21, 2018